UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AL JESSUP,

       Plaintiff,

                                    Case No. 1:21-cv-232

v.

                                    Hon. Hala Y. Jarbou

NATHAN OLSON, et al.,

       Defendants.

_____/

**OPINION**

Plaintiff Al Jessup brings this action under 42 U.S.C. § 1983 and state law against Ingham County, a confidential informant, and various government employees, including:  Ingham County Sheriff's Deputy Nathan Olson; Michigan State Police (MSP) Detective Sergeant Ray Durham; MSP employees William Eberhardt, Les Rochefort, and Peter Smith; and unidentified employees of the Ingham County Sheriff's Department.  Before the Court is a motion to dismiss by MSP Defendants Durham, Eberhardt, Rochefort, and Smith (ECF No. 4).  The Court will grant the motion.

**I. BACKGROUND**

**A. Allegations**

Plaintiff alleges that Deputy Olson and Sergeant Durham conducted a controlled purchase of narcotics on May 8, 2018, using a confidential informant (CI).  The CI allegedly lied that Jessup would be the seller.  Olson drove the CI to the location of the planned purchase, a food market in Lansing, Michigan.  They observed a black Buick drive by.  The seller was in the passenger seat. The seller asked to complete the transaction on a side street.  The CI used $405 to purchase heroin and cocaine from the seller.  Olson claimed that he identified Jessup by checking Jessup's picture on file with the Michigan Secretary of State.

Some unnamed officers were conducting surveillance.  They followed the black Buick and observed a male driving and a female in the passenger seat.  The vehicle was registered to Stephanie Duke.

Olson and Durham arranged another controlled purchase of narcotics using the same CI on May 24, 2018.  The CI called a phone number purportedly belonging to Jessup while in front of Olson and Durham.  But Jessup never used that phone number.  Olson took the CI to the location of the planned purchase.  The CI went into a store and paid $300 in exchange for heroin.  The CI falsely claimed that Jessup was the seller.

As in the first transaction, unnamed officers were conducting surveillance.  They attempted to follow the seller's vehicle but were unable to do so for more than a short distance.

In July and December 2018, forensics labs confirmed that the substances obtained in the purchases were illegal narcotics.

On February 7, 2019, a district court in Lansing authorized a felony complaint and arrest warrant for Jessup for his purported role in the narcotics transactions.  Officers from the Lansing Police Department arrested Jessup on May 27, 2019.

Jessup appeared for an arraignment on May 28, 2019.  The court allowed him to be released on a GPS tether.  At a probable cause hearing nine days later, the Ingham County prosecutor moved for a *nolle prosequi*.  The court granted the motion, dismissing the charges against Jessup.

Jessup contends that he was never involved in the drug transactions and that there was no reason for the CI or anyone else to identify him as the seller.

**B. Claims**

Jessup asserts several claims against the MSP Defendants.  Counts I-IV are all based on a lack of probable cause for Jessup's arrest and prosecution.  Specifically, Counts I and II assert that Defendants are liable for false arrest under state and federal law because the warrant against him

was not supported by probable cause.  Count III asserts that Defendants are responsible for false

imprisonment.  Count IV asserts that Defendants maliciously prosecuted him in violation of the

Fourth Amendment because there was no probable cause to prosecute him.

Counts VII-IX are all based on Defendants' reliance upon an allegedly unreliable CI.

Specifically, Count VII asserts that Defendants intentionally or recklessly inflicted emotional

distress on him.  Count VIII asserts that Defendants caused an arrest that was an unreasonable and

offensive intrusion on Jessup's privacy.  Count IX asserts that Defendants' reliance on the CI

caused Jessup to be cast in a false light in the charges filed against him.

MSP Defendants argue that Jessup's allegations fail to state a claim against them.

## II. DISMISSAL STANDARD

A claim may be dismissed for failure to state a claim if it fails "'to give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "[W]here

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at

679 (quoting Fed. R. Civ. P. 8(a)(2)).

Assessment of the complaint under Rule 12(b)(6) must ordinarily be undertaken without resort to matters outside the pleadings; otherwise, the motion must be treated as one for summary judgment under Rule 56.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment."  *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983

Counts I and IV are based on 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Jessup asserts claims for false arrest and malicious prosecution in violation of the Fourth Amendment.  However, Jessup does not allege with any clarity how any of the MSP Defendants were involved in his arrest or prosecution.  Only Durham is mentioned by name in the factual allegations of the complaint.  Thus, it is not clear why Defendants Eberhardt, Rochefort, and Smith are being sued or what they did to violate Jessup's constitutional rights.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Boxill v. O'Grady*, 935

4

F.3d 510, 518 (6th Cir. 2019) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011))).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Jessup's allegations refer to "[u]nnamed officers (though they may potentially be already-named defendants in this action)" who conducted surveillance of the two drug transactions. (Compl. ¶¶ 26, 38.)  These allegations are not sufficient to give Defendants Eberhardt, Rochefort, and Smith fair notice of the claims against them.

Jessup argues that it is clear that his reference to unnamed officers was a reference to Defendants Eberhardt, Rochefort, and Smith.  That is not so, but even assuming he alleges that these defendants were involved in the surveillance, he does not state a claim against them.

### 1. False Arrest (Count I)

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005).  Only officers who participated in the warrant or the arrest are liable.  *See Webb v. United States*, 789 F.3d 647, 667 (6th Cir. 2015) (affirming dismissal where the complaint did not allege that the officers actively participated in the arrest); *Schulz v. Gendregske*, 544 F. App'x 620, 625 (6th Cir. 2013) ("We have never held that an officer who is neither the arresting officer nor the proponent of the warrant can be liable for false arrest.").

Here, Jessup does not allege that the MSP Defendants were involved in the arrest or the warrant for that arrest.  Accordingly, he does not state a false arrest claim against them under § 1983.

### 2. Malicious Prosecution (Count IV)

There are four elements of a malicious prosecution claim under federal law:

(1) that a criminal prosecution was initiated against the plaintiff and that the defendant "made, influenced, or participated in the decision to prosecute;" (2) that the state lacked probable cause for the prosecution; (3) that the plaintiff suffered a deprivation of liberty because of the legal proceeding; and (4) that the criminal proceeding was "resolved in the plaintiff's favor."

*Jones v. Clark Cnty.*, 959 F.3d 748, 756 (6th Cir. 2020) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010)).

Jessup does not allege that the MSP Defendants had any involvement in the decision to prosecute him, let alone that they made, influenced, or otherwise participated in that decision. Thus, Jessup does not state a claim against the MSP Defendants under § 1983.

### B. State Law Claims

#### 1. False Arrest (Count II)

The standard for false arrest under Michigan law is similar to the one under federal law. Jessup must show that defendants "participated in an illegal and unjustified arrest, and . . . lacked probable cause to do so." *Walsh v. Taylor*, 689 N.W.2d 506, 513 (Mich. Ct. App. 2004). As indicated, Jessup does not allege that the MSP Defendants participated in an illegal arrest.

#### 2. False Imprisonment (Count III)

A claim for false imprisonment under Michigan law has the following elements:

> "[1] an act committed with the intention of confining another, [2] the act directly or indirectly results in such confinement, and [3] the person confined is conscious of his confinement."

*Moore v. City of Detroit*, 652 N.W.2d 688, 691 (Mich. Ct. App. 2002) (quoting *Adams v. Nat'l Bank of Detroit*, 508 N.W.2d 464, 468 (Mich. 1993)). Jessup does not plausibly allege that the MSP Defendants took any actions with the intent to confine him, or that those actions directly or indirectly resulted in his confinement.

#### 3. Intentional Infliction of Emotional Distress (IIED) (Count VII)

"To establish a claim of intentional infliction of emotional distress, a plaintiff must prove the following elements: '(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.'" *Hayley v. Allstate Ins. Co.*, 686 N.W.2d 273, 276 (Mich. Ct. App. 2004) (quoting *Graham v. Ford*, 604 N.W.2d 713, 716 (Mich. Ct. App. 1999)). To satisfy the first element of an IIED claim, "[t]he conduct complained of must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.* (quoting *Graham*, 604 N.W.2d at 716). "[I]t is initially for the court to determine whether the defendant's

7

conduct reasonably may be regarded as so extreme and outrageous as to permit recovery." *Doe v. Mills*, 536 N.W.2d 824, 834 (Mich. Ct. App. 1995).

According to Jessup, the crux of his claims is that "defendants all did a very bad job at investigating and did not have probable cause" and that "defendants did a very bad job by relying on an unreliable CI." (Plf.'s Resp. to Mot. to Dismiss 6, ECF No. 10.) But as to the MSP Defendants, Jessup simply alleges that they arranged the controlled purchases of narcotics (Durham) or conducted surveillance during those purchases. There are no allegations amounting to extreme and outrageous conduct.

### 4. Invasion of Privacy: Intrusion Upon Seclusion (Count VIII)

The elements of a prima facie claim for invasion of privacy based on intrusion upon seclusion are as follows:

> "(1) the existence of a secret and private subject matter; (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man."

*Lewis v. LeGrow*, 670 N.W.2d 675, 687 (Mich. Ct. App. 2003) (quoting *Doe v. Mills*, 536 N.W.2d 824, 832 (Mich. Ct. App. 1995)).

Jessup does not allege the existence of a "secret and private matter" that the MSP Defendants obtained through an objectionable method. Moreover, this claim is based on Jessup's arrest. He does not allege that the MSP Defendants were involved in the arrest. Thus, he does not state a claim against them for invasion of privacy based on intrusion upon seclusion.

### 5. Invasion of Privacy: False Light (Count IX)

A claim for false-light invasion of privacy requires the plaintiff to show "that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or

beliefs that were false and placed the plaintiff in a false position." *Duran v. Detroit News, Inc.*,

504 N.W.2d 715, 721 (Mich. Ct. App. 1993).

Jessup's false light claim is based on the charges filed against him in the state court and

"publicized" on that court's website.  (Compl. ¶ 94.)  He does not allege that the MSP Defendants

had any involvement in filing those charges.  Thus, he does not allege that they "broadcast" the

information in those charges.  Accordingly, he does not state a false light claim against them.[1]

### IV. CONCLUSION

For the reasons stated, the Court will grant the MSP Defendants' motion and dismiss them

from the action for failure to state a claim.  An order will enter consistent with this Opinion.

Dated:   October 29, 2021                                          /s/ Hala Y. Jarbou
                                                                   HALA Y. JARBOU
                                                                   UNITED STATES DISTRICT JUDGE

---

[1] Contrary to Defendants' assertions, a false light claim is not barred by a one-year statute of limitations.  A three-year statute of limitations applies to such claims, not a one-year statute of limitations. *Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145, 160 (Mich. Ct. App. 2004).

9